UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 25-60939-CIV-SMITH


RAYMOND T. MAHLBERG,

        *Plaintiff*,

v.

NOBLE HOUSE HOTELS
& RESORTS LTD.,

        *Defendant.*

_____/

## MOTION FOR SANCTIONS PURSUANT TO 28 USC § 1927

Defendant Noble House Hotels & Resorts, Ltd., by and through counsel, hereby moves to for sanctions pursuant to 28 USC § 1927 against Plaintiff's counsel, Acacia Regina Silva Barros, Esq. ("Barros" or "Ms. Barros") for vexatiously and knowingly multiplying these proceedings by improperly requesting entry of a Clerk's Default against Defendant without any prior notice to Noble House's counsel, when she knew that (1) Noble House was represented by counsel, (2) that she had granted a 14-day extension of time within which to respond to the Complaint and a response was not yet due and (3) when Ms. Barros signed a declaration under penalty of perjury that Defendant had been served and that Noble House had "failed to serve any document on her as of 7 p.m. on June 16, 2025, she knew that her representation was either false or intentionally misleading in or to make it so. She further refused to correct her omission of material facts to this Court when she received a letter for Defendant's

counsel. Setting forth the foregoing. Further compounding her vexatious conduct, and knowing the foregoing facts, Barros refused to stipulate to vacate the improperly obtained Clerk's Default, forcing Defendant to prepare a needless Motion to Vacate The Entry Of Clerk's Default, needlessly multiplying these proceedings.

Accordingly, the foregoing conduct violates 28 U.S.C. § 1927 and justifies an award of sanctions against Barros for her vexatious conduct in the amount of $9,631.40.

## FACTUAL BACKGROUND

Noble House Hotels & Resorts, Ltd. was served on May 19, 2025, making a response to the Complaint due on June 9, 2025. Proof of Service, D.E. 6. On June 5, 2025, Barros was contacted via email by Noble House's outside counsel, Philip H. Stillman, Esq. who requested a 14-day extension of time within which to respond to the Complaint and retain local counsel. Declaration of Philip H. Stillman, Esq. ¶ 4. A copy of Mr. Stillman's June 5, 2025 email is attached to the Stillman Decl. as Exhibit A. On June 5, Barros granted that request by return email. *Id.* Therefore, a response to the Complaint was due *by Barros' own agreement* on June 23, 2025.

From June 5 to June 16, despite knowing that Noble House intended to defend and was represented by counsel, Barros never sent this Court's Order Requiring Joint Scheduling Report to Mr. Stillman as required by the Order, ¶ 1. Stillman Decl., ¶ 6. However, on June 16, 2025, at 3:22 pm, Barros' office sent Stillman a proposed Joint Status Report, stating that it was due that day, when it was actually due on June 17, 2025, identifying Stillman as counsel for Noble House and requested his input.

Stillman Decl., ¶ 7 and June 16 email attached thereto as <u>Exhibit B</u>.  Additionally, at 4:19 pm, Barros filed Plaintiff's Certificate of Interested Parties and Corporate Disclosure Statement, listing Mr. Stillman and his law firm in Paragraph 2 (d) and (e) as counsel and law firm for Defendant. (D.E. 8). By return email on June 16, *at 7:38 pm and 7:51 pm*, Mr. Stillman suggested that the JSR was premature as Defendant's response to the Complaint was not yet due and suggested that the parties stipulate to continue the date for the JSR.  Stillman Decl., <u>Exhibit B</u>.  Mr. Stillman received no response.  Stillman Decl., ¶ 8.  Unbeknownst to Stillman, Barros filed a Motion for Clerk to Enter Default on June 16 at **7:16 pm** (D.E. 9) which she never served on Mr. Stillman, that falsely stated under penalty of perjury that "As of the date of this motion NOBLE HOUSE HOTELS & RESORTS, LTD has failed to serve any document on the undersigned" when Barros knew that she had granted a 14-day extension of time to respond in response to Mr. Stillman's email served on her.  Stillman Decl., ¶ 9.  The Default was entered by the court on June 17.  (D.E. 10).

After learning of the Clerk's Default on June 25 and again on June 26, Dawn M. Rapoport, Esq., Defendant's local counsel, emailed Barros, and requested that in light of the foregoing, Barros stipulate to vacate the entry of default. Barros responded to Rapoport's second email and refused to agree to vacate, and she also omitted that any extension had ever been granted, and asserted that she had never heard back from Stillman.  Stillman Decl., ¶ 10 and email attached thereto as <u>Exhibit C</u>.  After Barros ignored Ms. Rapoport's third email and request to stipulate to vacate the Clerk's Default, on June 30, Mr. Stillman then sent a detailed letter explaining that her conduct

was vexatious, in actual bad faith and was sanctionable pursuant to 28 USC § 1927. Stillman Decl., ¶ 11, and June 30 email and letter to Barros are attached thereto as Exhibit D. Barros responded and still refused to agree to vacate the Clerk's Default, and Stillman attempted 2 more times to on June 30 and July 1, to no avail. Stillman Decl., Exhibit E. Barros continued to refuse to stipulate to set the Clerk's Default aside, necessitating that Noble House prepare a Motion to Vacate Entry of Default. (D.E. 22). Stillman Decl., ¶ 11. Despite Stillman's request to do so, Barros also refused to correct her representation under oath to this Court to obtain the Clerk's Default by informing the Court that she had granted a 14-day extension that had not yet expired when she had filed her Motion for Entry of Clerk's Default, knew that Noble House intended to defend the case and on the very day that Barros filed her Motion for Entry of Clerk's Default had received several emails from Noble House's counsel yet not once did she inform counsel of her plan to seek a default on that day. Stillman Decl., ¶ 13.

Accordingly, in direct response to Ms. Barros' conduct, Ms. Rapoport, and Mr. Stillman were required to (1) send several emails and letters attempting to resolve this dispute cooperatively, (2) file a Motion to Vacate Clerk's Default, along with the assembly of exhibits, and (3) this Motion for Sanctions and the documents supporting the Motion. But for Ms. Barros' abject refusal to agree to vacate the entry of the wrongfully obtained default, none of these would have been necessary, and forcing Defendant to file a Motion to Vacate Clerk's Default needlessly multiplied these proceedings. Stillman Decl., ¶ 14.

Defendant now seeks monetary sanctions in the amount of $9,631.40 representing the reasonable attorney's fees incurred in connection with the foregoing. Stillman Decl., ¶ 13.

## DISCUSSION

### I.

### **BARROS' MOTION FOR ENTRY OF DEFAULT IS SANCTIONABLE**

Barros knew that Noble House's response to the Complaint was due on June 23, yet falsely and in bad faith claimed to this Court under oath that Noble House' response was due on June 9, while omitting that she had granted an extension to June 23. Second, Barros falsely represented that the JSR was due on June 16 when it was actually due on June 17, and despite knowing that Mr. Stillman was counsel for Noble House, filed the Motion for Clerk to Enter Default on June 16, and did not even have the common and professional courtesy to send him a copy of her Motion or notify her that Barros was intending to do so, despite Mr. Stillman corresponding with her firm within the same 30 minutes during which she filed the Motion for Default. All of that could charitably have been written off as a "misunderstanding" of some sort, had Barros immediately and voluntarily agreed to stipulate to vacate the improper default when requested to do so, yet she refused. Now Barros has forced Noble House to needlessly expend time and money on a motion to vacate the entry of clerk's default, waste time on numerous correspondence with her and waste this Court's judicial resources deciding a motion that should never have had to have been filed.

A.     The Standard for Section 1927 Sanctions.

Section 1927 obligates attorneys to avoid dilatory tactics throughout the entire litigation. *Allapattah Servs. v. Exxon Corp.*, 372 F. Supp. 2d 1344, 1372-73 (S.D. Fla. 2005). Pursuant to 28 U.S.C. § 1927, a court may sanction:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Attorneys are obligated not to delay judicial proceedings intentionally and unnecessarily and must avoid dilatory tactics during litigation or be subject to possible sanctions. *Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010).

Under the plain language of the statute, three requirements must be met in order to justify imposing sanctions:

> (1) an attorney must engage in "unreasonable and vexatious" conduct;
> (2) such "unreasonable and vexatious" conduct must "multipl[y] the proceedings;" and
> (3) the amount of sanctions cannot exceed the costs occasioned by the objectionable conduct.

*Id.* An attorney multiplies proceedings "unreasonably and vexatiously" when the attorney's conduct is "tantamount to bad faith." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007). Bad faith "turns not on the attorney's subjective intent, but on the attorney's objective conduct." *Id.* Basically, a court must compare the attorney's conduct against the conduct of a "reasonable" attorney and make a judgment as to whether the conduct was acceptable based on an objective standard. *Id.* at 1239-40. Likewise, the term "vexatious" requires an evaluation of an attorney's objective

conduct. *Id.* at 1240. Thus, objectively reckless conduct is sufficient to warrant sanctions even if an attorney does not act knowingly or malevolently. *Id.* at 1241. Reckless conduct "simply means conduct that grossly deviates from reasonable conduct." *Id.* at 1191.

Thus, to warrant the imposition of sanctions, the attorney must knowingly or recklessly pursue a frivolous claim or needlessly obstruct the litigation of a non-frivolous claim. If the attorney's misconduct meets this standard, the district court may order the attorney to pay the "costs, expenses, and attorneys' fees reasonably incurred" because of the attorney's misconduct -- that is, the excess costs that the attorney's multiplication of proceedings has added to the costs of the litigation. *Bernal v. All Am. Inv. Realty, Inc.,* 479 F. Supp. 2d 1291, 1331-32 (S.D. Fla. 2006).

B.   Counsel's Conduct In Procuring A Default Meets The Standard For Sanctions.

1.   **Counsel's Conduct Was Unreasonable and Vexatious.**

It is well-settled that defaults are generally disfavored. *Mitchell v. Brown & Williamson Tobacco Corp.,* 294 F.3d 1309, 1316 (11th Cir. 2002). *Kaye v. Bank of N.Y. Mellon,* No. 8:21-cv-469-WFJ-TGW, 2021 U.S. Dist. LEXIS 70690, at *5-7 (M.D. Fla. Apr. 13, 2021) is instructive.

In *Kaye,* the plaintiff and defendant had been litigating a case in state court involving the same parties and dispute. Notwithstanding that plaintiff's counsel knew that the defendant was represented by counsel, the plaintiff snuck into court and obtained a default and default judgment, despite knowing that service was improper

and without notifying the defendant's counsel. As the Court held, "They were not at liberty to steal a march or sneak in a clerk's default at the same time in a new, related case they informed no one about." *Id.* Approving of Florida state law on this point and adopting *Jacaranda, LLC v. Green Tree Servicing, LLC.*, 203 So. 3d 964, 966 (Fla. 2d DCA 2016), the *Kaye* court held:

> [A] trial court should vacate an ex parte default when the plaintiff seeking default had actual knowledge that the defendant was represented by counsel and intended to defend the lawsuit, but failed to contact the defendant's counsel prior to seeking default. [citing cases].

*Kayes, supra* at *5-7. Calling it a "sharp practice, the Court held that "Failure to alert fellow counsel before moving for a clerk's default in this related suit with the same parties requires the default to be vacated." *Id.*

Counsel's conduct in this case is more egregious, since Barros knew without any doubt that Noble House was represented by counsel – even to the extent of identifying Defendant's counsel as an "interested party" before filing the ill-advised Motion for Clerk to Enter Default – knew that Noble House intended to defend, and had granted a 14-day extension of time within which to respond. Despite that knowledge, Barros filed a Motion for Clerk to Enter Default squarely in the middle of correspondence with Noble House's counsel on June 16 without any notice to Defendant's counsel. After an extensive "meet and confer" letter from Defendant's counsel, Ms. Barros still refused to vacate the default on the most specious of grounds.[1] That conduct in itself is

---

[1] Barros contended that Defendant's suggestion that the parties file a stipulation continuing the Joint Status Report until after the Motion to Dismiss was resolved, was a failure to respond to the *complaint*

unreasonable and vexatious and a gross deviation from reasonable conduct. *Kaye*, *supra*; *Diaz v. Winn-Dixie Stores, Inc.*, No. 14-cv-21045, 2015 U.S. Dist. LEXIS 2546, at *9 n.6 (S.D. Fla. Jan. 8, 2015)(refusal to vacate entry of default based on improper service and refusing to stipulate to vacating the subsequent entry of default sanctionable pursuant to § 1927). But that is not the only sanctionable conduct.

In order to obtain the Clerk's default, Barros was required to state under penalty of perjury that "As of the date of this motion NOBLE HOUSE HOTELS & RESORTS, LTD has failed to serve any document on the undersigned," which is another knowingly false statement. This statement under oath was a breach of an attorney's duty of candor to the court, Rule of Professional Conduct 4-3.3(A)(1). Barros obviously knew that she had received several emails from Defendant's counsel *and* had agreed that defendant could have an additional 14 days to respond to the Complaint. That was the equivalent of a "document" served on Barros. *Reicheinbach v. Se. Bank, N.A.*, 462 So. 2d 611, 612 (Fla. 3d DCA 1985) ("We reject appellee's assertion that the letter was insufficient to require notice because it was not a responsive pleading. The rule does not limit the type of paper to be served. . . Our holding accords with the liberal policy of Florida courts to grant motions to set aside defaults."); *Ace Funding Source, LLC v. A1 Transp. Network, Inc.*, 314 So. 3d 726, 728 (Fla. 3d DCA 2021)

---

justifying entry of default, itself a specious contention. Even a failure to prepare a Joint Status Report – despite not having served the Order requiring JSR – is not a grounds for entry of a default, which refers *only* to the response to the complaint, either by motion or answer.

(holding clerk's default was improperly entered due to correspondence between parties' attorneys).

In *Kaye*, the court held that plaintiff's counsel owed a heightened duty of candor to the Clerk and court before seeking a default for "failure to respond after personal service." False statements and omitting facts that would render a statement false are both violations of Rule 4-3.3. The failure to correct those false statements and omissions is a separate violation of the attorney's duty of candor. No doubt this Court would have wanted to know that Plaintiff had corresponded with Defendant's counsel and would certainly have wanted to know that Plaintiff's counsel had not only communicated with Defendant's counsel but also agreed to extend the time within which to respond to the Complaint to June 23 – making Barros' Motion for Default plainly premature. Had Ms. Barros informed the Court, it is unlikely that any clerk's default would have issued. But none of this was explained to this Court or the Clerk, nor was this Court notified subsequently of these salient omitted facts – even as of today.

Accordingly for the foregoing reasons, Noble House Hotels and Resorts, Ltd. Requests that this Court impose sanctions against Plaintiff's counsel in the amount of $9,631.40 as set forth in the Declaration of Philip H. Stillman.

**<u>CERTIFICATE OF CONFERRAL</u>**

I certify that pursuant to Local Rule 7.1(a)(3), that counsel for Defendant has conferred with all parties or non-parties who may be affected by the relief sought in the

motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Dated: July 25, 2025                    Respectfully Submitted,

_/s/_Dawn M. Rapoport.
Dawn M. Rapoport, Esq.
Fla. Bar No.: 13176
DAWN M. RAPOPORT, P.A.
1314 East Las Olas Blvd. # 121
Fort Lauderdale, FL 33301
Telephone: 754-333-1105

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 25, 2025, I electronically filed the foregoing Motion for Sanctions and the Declaration of Philip H. Stillman with the Clerk of the Court for Southern District of Florida using the CM/ECF Filing Portal and is being served this day by transmission of Notice of Electronic Filing generated by the CM/ECF e-Filing Portal to its Service List on file in this case.

By:     _/s/_ Dawn M. Rapoport
Dawn M. Rapoport
FBN: 13176